UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAYVON RUTHERFORD,
          Plaintiff,

v.

CAPTAIN CHRIS THOMALEN s/h/a
CAPTAIN THOMLIN
          Defendant.
--------------------------------------------------------------x

**ORDER OF DISMISSAL**

18 CV 12049 (VB)

    Plaintiff, who is proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, commenced this action by filing a complaint on December 20, 2018. (Doc. #2). At that time, plaintiff was incarcerated at the Westchester County Jail. (See Doc. #7).

    On April 3, 2019, the Clerk docketed plaintiff's first notice of change of address. (Doc. #21). The notice, dated March 28, 2019, listed plaintiff's new address at Suffolk County Correctional Facility. (Id.).

    On May 15, 2019, the Clerk docketed plaintiff's second notice of change of address. (Doc. #31). The notice, dated May 11, 2019, listed plaintiff's new address at Ulster Correctional Facility. (Id.).

    On August 23, 2019, the Clerk docketed plaintiff's third notice of change of address. (Doc. #56). The notice, dated August 23, 2019, listed plaintiff's new address at 25 Operations Drive, Valhalla, NY 10595. (Id.).

    By letter dated October 23, 2019, plaintiff stated he was recently incarcerated and noted his new address at Westchester County Jail. (Doc. #69).

    On December 20, 2019, the Clerk docketed plaintiff's fifth notice of change of address. (Doc. #78). The notice, dated December 14, 2019, listed plaintiff's new address at Downstate Correctional Facility. (Id.).

1

On February 10, 2020, the Clerk docketed plaintiff's sixth notice of change of address. (Doc. #84). The notice, dated February 5, 2020, listed plaintiff's new address at Altona Correctional Facility. (Id.).

By letter dated March 18, 2020, plaintiff informed the Court that he was recently arrested on a parole violation and listed his new address at Dutchess County Jail. (Doc. #89).

On April 29, 2020, the Clerk docketed plaintiff's eighth notice of change of address. (Doc. #91). The notice, dated April 22, 2020, listed plaintiff's new address as: Rayvon Rutherford c/o Isom, 26 Hammersley Avenue, Poughkeepsie, NY 12601. (Doc. #91).

On July 7, 2020, the Court received notice that a Revised Civil Case Discovery Plan and Scheduling Order (Doc. #93), which was mailed to plaintiff on June 24, 2020, was returned as undeliverable with the following notation: "Not Deliverable As Addressed." Moreover, by letter dated June 23, 2020, defense counsel informed the Court that a notice of deposition mailed to plaintiff on June 1, 2020, was returned as undeliverable with the following notation: "Return to Sender—Attempted—Not Known." (Doc. #92).

By Order dated July 9, 2020, the Court ordered plaintiff to update the Court in writing as to his current address, by August 10, 2020. (Doc. #94). The July 9 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by August 10, 2020, the Court may dismiss this case for failure to prosecute or comply with Court orders. (Id.). The Court then mailed the July 9 Order to plaintiff at his last known address on the docket.

As the Court stated in its various Orders of Service (Docs. ##6, 17, 26), it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

2

The Orders of Service were mailed to plaintiff, as were an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and blank "Notice of Change of Address" form. (Doc. #7). Like the Orders of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

Plaintiff failed to update the Court in writing as to his current address by August 10, 2020. Accordingly, by Order dated August 12, 2020, the Court sua sponte extended to September 11, 2020, plaintiff's time to update the Court as to his current address. (Doc. #95). The August 12 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by September 11, 2020, the Court would dismiss this case for failure to prosecute or comply with Court orders. (Id.). The Court mailed the August 12 Order to plaintiff at his last known address on the docket.

To date, plaintiff has failed to update his address in writing. Indeed, plaintiff last communicated with the Court in April 2020. (See Doc. #91). Accordingly, the Court concludes plaintiff has abandoned this case.

Having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is further directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: September 25, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge